UNITED STATES of America,
Plaintiff–Appellee,

v.

Jimmie Elvis BLANKENSHIP (90–6417),
and Billy Hoyt Blankenship (90–6461),
Defendants–Appellants.

Nos. 90–6417, 90–6461.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 3, 1991.

Decided Jan. 28, 1992.

Rehearing and Rehearing En Banc Denied in No. 90–6461 April 1, 1992.

Louis DeFalaise, U.S. Atty., Thomas L. Self, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Lexington, Ky., for plaintiff-appellee.

John R. Hansen, (argued and briefed), Hazard, Ky., Fred E. Peters (argued and briefed), Lexington, Ky., for defendants-appellants.

Before KENNEDY and SUHRHEINRICH, Circuit Judges, and PECK, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Defendants Jimmie Elvis Blankenship ("Jimmie Elvis") and Billy Hoyt Blankenship ("Billy Hoyt") were charged with cocaine trafficking and using and carrying firearms in relation to such drug trafficking offenses. Jimmie Elvis pleaded guilty to distributing cocaine and possessing cocaine with the intent to distribute. He appeals his sentence under the United States Sentencing Guidelines ("Guidelines"). Billy Hoyt appeals his conviction of all charges for which he was indicted. We AFFIRM Billy Hoyt's conviction and REMAND Jimmie Elvis's sentence to the District Court for factual findings to support the sentence.

## I.

This case arose out of an investigation by the Federal Bureau of Investigation ("FBI") and the Kentucky State Police ("KSP") of cocaine trafficking. Craig Saunders, an FBI informant, purchased ⅛ ounce cocaine from Jimmie Elvis on February 15, 1990, and another ⅛ ounce on February 20, 1990. Based on these purchases, the FBI obtained a search warrant to search the residence of Jimmie Elvis.

On March 2, 1990, Saunders went to Jimmie Elvis's residence to attempt to purchase one ounce of cocaine. Jimmie Elvis told Saunders that he did not have enough cocaine to sell Saunders, and that Saunders would have to wait for Jimmie Elvis's brother, Billy Hoyt, to arrive because "he had the bigger bag." Billy Hoyt arrived soon thereafter in his truck, and Saunders observed Billy Hoyt carrying a bag that Saunders believed contained approximately one pound of cocaine. Billy Hoyt entered the house, and Saunders met Jimmie Elvis on the porch and purchased one ounce of cocaine from him. Saunders then met the FBI and KSP officers who were waiting in the vicinity. The FBI and KSP returned to Jimmie Elvis's residence to execute the search warrant. When the officers arrived, Billy Hoyt was on the front lawn of the residence. Upon seeing the uniformed police officers Billy Hoyt ran, and an officer observed him carrying a plastic bag containing white powder. Billy Hoyt ran into a creek and began to empty the contents of the plastic bag into the creek. A KSP officer arrested Billy Hoyt and recovered the bag. The remaining contents of the bag were later tested and found to be cocaine. The chemist who performed this analysis testified in the District Court that, based on the description of the bag given by Saunders and the officers, the bag would have contained approximately 500 grams, or one pound, of cocaine. The search of Jimmie Elvis's residence revealed triple beam scales, three rifles and four pistols. A pistol was also found in Billy Hoyt's truck and in Jimmie Elvis's vehicle.

Jimmie Elvis and Billy Hoyt were charged with six counts of cocaine trafficking and using and carrying firearms during and in relation to such offenses. Counts 1 and 2 charged Jimmie Elvis with distribut-

ing ⅛ ounce of cocaine on February 15, 1990 and February 20, 1990, in violation of 21 U.S.C. § 841(a)(1). Count 3 charged both defendants with distributing and possessing with intent to distribute one ounce of cocaine on March 2, 1990, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count 4 charged both defendants with possessing with intent to distribute a measurable quantity of cocaine on March 2, 1990, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count 5 charged Jimmie Elvis with using and carrying a firearm on March 2, 1990 in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Count 6 charged Billy Hoyt with the same offense.

Jimmie Elvis pleaded guilty to Counts 1, 2 and 3. In accordance with the plea agreement, the United States dismissed Counts 4 and 5. Billy Hoyt was found guilty in a jury trial of Counts 3, 4, and 6.

Jimmie Elvis was sentenced by the District Court in accordance with the Guidelines. The District Court determined that Jimmie Elvis's base offense level for sentencing would reflect the total quantity of cocaine possessed by both Jimmie Elvis and Billy Hoyt, and that Jimmie Elvis's base offense level would be increased because he possessed firearms while trafficking in cocaine. Jimmie Elvis alleges that the District Court erred in considering these factors in sentencing him. Billy Hoyt's challenge of his conviction is based on four arguments: (1) the District Court erred in admitting rebuttal testimony offered by the United States; (2) there was insufficient evidence to support a conviction of Count 6; (3) the District Court improperly instructed the jury as to the essential elements for conviction of Count 6, and (4) the District Court erred in admitting evidence of Jimmie Elvis's prior drug transactions.

## II.

■ Jimmie Elvis alleges that the District Court erred in enhancing his base offense level by two points under Guideline § 2D1.1(b)(1) for possessing dangerous weapons during the commission of the offense of cocaine distribution. Guideline section 2D1.1(b)(1) provides: "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense, increase by 2 levels." It is uncontroverted that a search of Jimmie Elvis's house following the sale of one ounce of cocaine to Saunders on March 2, 1990 found four pistols and three rifles, and a pistol was found in Jimmie Elvis's car.

■ Jimmie Elvis argues that because the United States dismissed Count 5 of the indictment which charged him with using or carrying a firearm in relation to a drug trafficking offense in violation of section 924(c)(1), the two level enhancement would violate his due process rights. This Court has decided that there is a distinction between possession of firearms required for enhancement under the Guidelines and "using and carrying" required for a violation of section 924(c)(1), *United States v. Snyder*, 913 F.2d 300, 304 (6th Cir.1990), *cert. denied*, ⸺ U.S. ⸺, 111 S.Ct. 709, 112 L.Ed.2d 698 (1991), and will allow enhancement even when a defendant has been acquitted of charges under section 941(c)(1). *United States v. Duncan*, 918 F.2d 647, 652 (6th Cir.1990), *cert. denied*, ⸺ U.S. ⸺, 111 S.Ct. 2055, 114 L.Ed.2d 461 (1991). Enhancement is appropriate where the government can show that a defendant had constructive possession of the firearm. Constructive possession would be "ownership, dominion, or control" over the firearm or "dominion over the premises" where the firearm was located. *Snyder*, 913 F.2d at 304. The District Court made a finding at Jimmie Elvis's sentencing hearing that weapons were in the house and could have been used in the March 2, 1990 sale, and thus found that the adjustment under Guideline § 2D1.1 was appropriate. This Court will not disturb the findings of the District Court unless such findings are clearly erroneous. *Snyder*, 913 F.2d at 303. Accordingly, we find no error in the enhancement of Jimmie Elvis's base offense level pursuant to Guideline § 2D1.1.

## III.

■ Jimmie Elvis asserts that the District Court's inclusion of approximately one

pound of cocaine possessed by Billy Hoyt in calculating Jimmie Elvis's base offense level was error. We remand this issue to the District Court for findings of fact to support the court's decision to include this amount of cocaine in Jimmie Elvis's base offense level.

■ In undertaking criminal activity in concert with others, a defendant becomes accountable under the Guidelines for others' criminal activity that was reasonably foreseeable by the defendant. U.S.S.G. § 1B1.3, comment. (n. 1). Where not reasonably foreseeable by the defendant, such conduct is not included in determining the defendant's base offense level. *Id.* This Court has held that, pursuant to Guideline § 1B1.3(a)(2), the entire quantity of cocaine attributable to a distribution enterprise is included in determining the base offense level of a conspirator. *United States v. Miller,* 910 F.2d 1321, 1327 (6th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). We have further held that drug quantities charged in a count dismissed pursuant to a plea agreement should be considered in determining the base offense level if those quantities were part of the same course of conduct or common scheme. *United States v. Smith,* 887 F.2d 104, 107 (6th Cir.1989).

Jimmie Elvis pleaded guilty to Counts 1, 2 and 3 involving three sales of cocaine amounting to 1⅔ ounces in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced Jimmie Elvis for the 500 grams possessed by Billy Hoyt based on Guideline § 1B1.3(a)(2) which requires grouping of all acts which were part of the same course of conduct or common scheme. Although the District Court found that a conspiracy existed between Jimmie Elvis and Billy Hoyt for the purpose of admitting hearsay statements made in furtherance of the conspiracy, it did not state what it found to be the object of the conspiracy or its extent. Without a finding that Jimmie Elvis knew or should have known the amount of cocaine Billy Hoyt possessed, or that a conspiracy or course of conduct to distribute the larger amount of cocaine or possess the larger amount with intent to distribute or aid and abet in its distribution were established, we are unable to review Jimmie Elvis's base offense level. We therefore remand the case to the District Court for specific findings regarding Jimmie Elvis's conduct and particularized reasons for his sentence.

## IV.

■ Billy Hoyt asserts that the District Court erred in allowing the United States to introduce rebuttal evidence about prior drug transactions by Billy Hoyt without first making a finding that the evidence was admissible under Fed.R.Evid. 404(b).

Prior to trial, Billy Hoyt made a motion in limine to exclude evidence of drug transactions other than those for which he was charged. The District Court granted this motion, and instructed the United States to announce to the court its intention to raise such prior bad acts before introducing them. The United States did not seek to introduce any such evidence in its case-in-chief. Billy Hoyt testified in his own defense, and denied that he had ever sold cocaine or had any involvement in his brother's cocaine business. In rebuttal, the United States called two witnesses who testified that they had been involved in numerous cocaine purchases from Billy Hoyt prior to March 2, 1990 and that Billy Hoyt had been armed while selling cocaine. Following the testimony of both of these witnesses, the District Court instructed the jury that such bad acts evidence was admissible for the limited purposes enumerated in Rule 404(b). After the conclusion of the evidence, the court made a finding that the Rule 404(b) evidence that had been admitted was relevant and that the probative value of the evidence outweighed the prejudicial effect to Billy Hoyt.

Billy Hoyt alleges that Rule 404(b) requires the court to make a finding prior to the introduction of evidence that the probative value of the evidence outweighs the potential prejudice to a defendant. It is not surprising that the District Court did not make a balancing analysis on the record for the rebuttal testimony because Billy Hoyt objected during this rebuttal

testimony only once, when the United States offered testimony that Billy Hoyt was armed while selling drugs. Although the court instructed the jury as to the limited purposes of the Rule 404(b) evidence, at the time the evidence was offered the court did not make a finding on the record that the probative value outweighed the potential prejudice to Billy Hoyt. This Court has stated that this "balancing analysis may be subsumed in the court's ruling admitting the evidence." *United States v. Acosta–Cazares,* 878 F.2d 945, 950, *cert. denied,* 493 U.S. 899, 110 S.Ct. 255, 107 L.Ed.2d 204 (1989). This is especially true for the testimony to which defense counsel did not object at the time it was offered. *Id.* The District Court made findings on the record at the close of the evidence and review of the record does not indicate that the court abused its discretion in admitting the evidence of prior drug transactions. A trial judge has broad discretion in determining whether evidence of prior bad acts is admissible. *Acosta–Cazares,* 878 F.2d at 948. Because we find no abuse of discretion, we affirm the District Court's Rule 404(b) ruling.

## V.

■ Billy Hoyt challenges the sufficiency of the evidence to convict him of Count 6, which charged him with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). This Court must view all evidence in the light most favorable to the United States in reviewing a challenge based on the sufficiency of the evidence. *United States v. Ellzey,* 874 F.2d 324, 327–28 (6th Cir.1989). We find that there was sufficient evidence to convict Billy Hoyt of Count 6.

■ Section 924(c)(1) provides:

Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1). This Court has held that the words "uses" and "carries" in the statute "should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." *Acosta–Cazares,* 878 F.2d at 952. It is not necessary for a defendant to have actual physical possession of a weapon during the commission of a drug offense. *Id.* In determining whether a firearm was carried in relation to a drug trafficking offense, the court shall examine the totality of the circumstances surrounding the underlying offense. *United States v. Brown,* 915 F.2d 219, 226 (6th Cir.1990). A conviction under section 924(c)(1) shall be upheld by this Court:

if the possessor of a weapon intended to have it available for possible use during or immediately following the transaction, or if it facilitated the transaction by lending courage to the possessor. The defendant's sole purpose in carrying the weapon need not have been facilitation of the drug trafficking crime.

*Id.*

The facts established at trial provide ample evidence to support Billy Hoyt's conviction of Count 6. Billy Hoyt brought the 500 grams supply of cocaine in his truck. The truck was searched at the scene and a loaded .357 magnum revolver in a zippered case was found on the front seat. Because the facts establish that Billy Hoyt transported a measurable quantity of cocaine to his brother's house in a truck which contained a loaded firearm available for use, we conclude that there is sufficient evidence to support Billy Hoyt's conviction of Count 6.

## VI.

■ Billy Hoyt asserts that the District Court did not adequately instruct the jury as to Count 6. Specifically, he claims that the District Court never required the jury to find that the firearm had some relation to or some connection with the underlying crime. We find that the instruction given by the District Court sufficiently instructed

the jury as to the elements of the offense charged and did not constitute plain error.

In accordance with Fed.R.Crim.P. 30, the District Court provided the parties with copies of its proposed instructions. Counsel for Billy Hoyt made no objection to the instructions at this time or at any subsequent time. Fed.R.Crim.P. 30 requires that, in order to preserve an objection, a party must object to the instruction before the jury retires and must state the grounds of the objection. Although Billy Hoyt failed to preserve his objection, Fed. R.Crim.P. 52 requires this Court to review for plain error. *United States v. Saussy,* 802 F.2d 849, 853 (6th Cir.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987). Plain error is "an egregious error, one that directly leads to a miscarriage of justice." *United States v. Busacca,* 863 F.2d 433, 435 (6th Cir.1988), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1640, 104 L.Ed.2d 156 (1989).

The instruction given to the jury by the District Court as to Count 6 specifically defined the relationship required between the firearm and the underlying offense. The court read to the jury the terms of the statute and told the jury that one of the elements of the crime and that during and in relation to such crime (the drug trafficking offense), the defendant knowingly and willfully did use or carry a firearm as alleged in Count 6 of the indictment. The court's instruction included the following:

> Under Count 6, it is not necessary for the United States to prove the defendant actually displayed or discharged a firearm. It is required, however, that the United States prove that the defendant had a firearm within his possession or control, and that such possession or control gave the defendant the opportunity or ability to display or discharge the firearm, either to protect his drugs or otherwise facilitate a drug transaction.

Billy Hoyt argues that this instruction only required the jury to find that the firearm gave him opportunity or ability and did not require the jury to find that the firearm had a relation to the underlying crime. It was not necessary to include the statutory language "in relation to" in each paragraph of the instruction. The phrase "in relation to" was added to the statute to insure that section 924(c)(1) "focused on those persons whose firearms played a role in their criminal conduct," *United States v. Brown,* 915 F.2d 219, 224 (6th Cir.1990) (citing S.Rep. No. 225, 98th Cong., 2d Sess. 314 n. 10, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3492), and did not reach instances where the presence of a firearm was wholly unrelated to a drug trafficking offense. We find the instruction given by the District Court sufficiently describes the extent of the relationship between the firearm and the underlying offense that the jury was required to find to convict a defendant under section 924(c)(1).

Our decision is supported by examples of jury instructions given in other circuits. *See United States v. Michaels,* 911 F.2d 131, 132–33 (8th Cir.1990) (upholding jury instruction requiring "the jury to find, at the very least, that the gun was available to the defendant, and that its availability facilitated the carrying-out of the drug trafficking crime."), *cert. denied,* —— U.S. ——, 111 S.Ct. 981, 112 L.Ed.2d 1066 (1991); *United States v. Henning,* 906 F.2d 1392, 1397–98 (10th Cir.1990) (upholding jury instruction stating "[if] a firearm plays any role in a drug trafficking crime of if it facilitates the crime in any way, it is being used within the meaning of" § 924(c)(1)), *cert. denied,* —— U.S. ——, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991); *United States v. Poole,* 878 F.2d 1389, 1393 n. 3 (11th Cir.1989) (upholding jury instruction stating "the firearm must have played a purpose or function in carrying out the drug trafficking offense").

## VII.

 Billy Hoyt's final argument is that the District Court erred in allowing evidence in his trial regarding Jimmie Elvis's sale of cocaine to Saunders prior to March 2, 1990. The District Court permitted Saunders to testify as to his prior dealings with Jimmie Elvis, and the court admonished the jury that this testimony should not be considered in determining the

guilt or innocence of Billy Hoyt on the charges pending against him. This was preliminary testimony necessary to establish the relationship between Saunders and Jimmie Elvis which led to the transactions of March 2, 1990. Saunders also testified as to statements made by Jimmie Elvis which implicated Billy Hoyt in the transaction of March 2, 1990 and identified Billy Hoyt as the supplier of the cocaine purchased by Saunders. The District Court found that statements made by Jimmie Elvis were admissible evidence because they established the existence of a conspiracy and the statements were made in furtherance of the conspiracy. *See United States v. Vinson,* 606 F.2d 149, 152 (6th Cir.1979), *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). Billy Hoyt asserts that because he and Jimmie Elvis were not charged with conspiracy, such testimony was not admissible. Statements of partners in a criminal joint venture are admissible even when a conspiracy has not been charged. *United States v. Swainson,* 548 F.2d 657, 661 (6th Cir.1977), *cert. denied,* 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255. The record amply supports a finding that Jimmie Elvis and Billy Hoyt were conspirators in the distribution to Saunders on March 2nd. We therefore conclude that Billy Hoyt's argument in regard to the admission into evidence of this testimony is meritless.

## VIII.

For the forgoing reasons, we AFFIRM the conviction of Billy Hoyt, and REMAND the sentence of Jimmie Elvis to the District Court for factual findings consistent with this opinion.