966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracy SEWELL, Defendant-Appellant.
 No. 91-6228.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Tracy Sewell, a federal prisoner, appeals the sentence imposed by the district court following his conviction for conspiracy to distribute and to possess with the intent to distribute cocaine base (crack) in violation of 18 U.S.C. § 846. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument.
 
 
 2
 Sewell pleaded guilty to one count (described above) of a nine count indictment, pursuant to a plea agreement. The remaining counts were dismissed at the sentencing proceeding. Sewell was sentenced on October 16, 1991 to 105 months imprisonment, six years supervised release, and a $50 special assessment. This sentence was calculated using a base offense level of 26, with two levels added for a leadership role, two levels added for reckless endangerment during flight, and two levels subtracted for acceptance of responsibility. Thus, Sewell's total offense level was 28 which, with a criminal history category of II, resulted in a guidelines sentencing range of 87-105 months.
 
 
 3
 On appeal, Sewell argues that the district court erred by: (1) including the weight of drugs from the February 1, 1991 transaction in determining his offense level, (2) increasing his offense level for obstruction of justice, and (3) increasing his offense level for being a leader or organizer.
 
 
 4
 Upon review, we affirm the district court's judgment because the district court's findings of fact regarding the issues on appeal are not clearly erroneous and there was no error in the district court's application of the guidelines. See United States v. Perez, 871 F.2d 45, 47-48 (6th Cir.), cert. denied, 492 U.S. 910 (1989).
 
 
 5
 In light of the testimony presented at the sentencing proceeding, the district court's finding that the quantity of drugs involved in the February 1, 1991 transaction was part of the conspiracy is not clearly erroneous. The amount was, therefore, properly attributed to Sewell in determining his offense level. See United States v. Blankenship, 954 F.2d 1224, 1228 (6th Cir.1992).
 
 
 6
 Testimony by Agent Smith, Officer Clayton, and codefendant Jenkins established that, in order to elude officers clearly identified as police, Sewell drove at high speed through a store parking lot with pedestrians present, went through a red light as he left the parking lot and entered the highway, and continued to accelerate down the highway until pulled over at gunpoint. Thus, the district court's finding that Sewell's actions constituted reckless endangerment during flight is not clearly erroneous and the district court properly applied U.S.S.G. § 3C1.2.
 
 
 7
 Finally, Jenkins testified at the sentencing proceeding that he acted pursuant to directions given by Sewell during four of the five drug transactions for which Jenkins was indicted. Moreover, according to an undisputed portion of the presentence investigation report, Sewell paid codefendant Scruggs for the use of her apartment during a drug transaction. We conclude that the district court's finding that Sewell played a leadership role in the conspiracy is not clearly erroneous. The application of a two-level enhancement under U.S.S.G. § 3B1.1(c) was proper.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.