986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. REED, Defendant-Appellant.
 No. 92-3413.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant, William R. Reed, appeals his sentence entered pursuant to a guilty plea to the use of a communication facility in commission of a narcotics felony, a violation of 21 U.S.C. § 843(b). Reed was sentenced by the district court to 48 months imprisonment. On appeal, Reed argues that the trial court erred in computing his sentence under the Sentencing Guidelines. For the reasons stated below, we AFFIRM Reed's sentence.
 
 I.
 
 2
 On September 23, 1991, DEA agents observed Thomas Kennedy deliver two cardboard boxes to a Federal Express Office in North Hollywood, California. Kennedy was under DEA surveillance for suspected drug trafficking. One of the boxes delivered by Kennedy was addressed to a Debra Wilson in Detroit, Michigan, and the other to a Rodney Reed at 851 Ezzard Charles Drive, Apartment 6, Cincinnati, Ohio.
 
 
 3
 Pursuant to a warrant, the DEA seized both of the boxes and found that they each contained 5 kilograms of cocaine. DEA agents removed most of the cocaine from the packages and resealed them. The agents left 2 ounces of cocaine in one of the packages and added a non-controlled substance to achieve the original weight of the package. This package was sent to Reed in Cincinnati in a controlled delivery.
 
 
 4
 On September 25, 1991, a DEA agent posing as a Federal Express employee, delivered the package to Reed at Ezzard Charles Drive. Reed accepted the package, identifying himself as "Rodney Reed." Shortly thereafter, the agents returned with warrants and searched Reed's residence. They found the package unopened under Reed's bed. Reed was arrested and acknowledged that he was knowingly assisting in the facilitation of narcotics.
 
 
 5
 Reed was initially indicted for one count of attempted possession of five kilograms of cocaine, a violation of 21 U.S.C. § 846. However, as a result of plea negotiations, Reed pled guilty to a superseding indictment charging a violation of 21 U.S.C. § 843(b). At sentencing, Reed preserved the right to appeal his setnece computation under the Guidelines. Specifically, Reed argues that the trial court erred when it computed his sentence based upon what was contained in the package, rather than upon what he knew or reasonably should have known was contained in the package. We address Reed's argument below.
 
 II.
 
 6
 Reed argues that he was unaware of precisely what was contained in the package, and therefore, his offense level should have been determined without any consideration for the amount of cocaine found in the package. Reed argues that under the circumstances, his base offense level should have been set at 6 rather than 32.
 
 
 7
 Section 2D1.6 of the Guidelines provides that the base offense level be determined by the offense level governing the underlying offense. As stated in the original indictment, the underlying offense was attempted possession of 5 kilograms of cocaine, the amount that was initially found in the package that Kennedy mailed to Reed. Section 2D1.4 of the Guidelines governs attempts, and states that "the offense level shall be the same as if the object of the conspiracy or attempt had been accomplished." The computation for offenses involving 5 kilograms of cocaine but less than fifteen kilograms results in a base offense level of 32. U.S.S.G. § 2D1.1(c)(6). The district court found that Reed's offense level was correctly set at 32 and sentenced him according to that offense level. We find no error in the district court's calculation of Reed's sentence.
 
 
 8
 Reed argues that this Court's recent decision in United States v. Blankenship, 954 F.2d 1224 (6th Cir.1992), supports his position that he should not have been sentenced based on the 5 kilograms of cocaine found in the package because there was insufficient evidence that he knew or should have known the amount of cocaine contained in the package. In Blankenship, we remanded the case to the district court to make specific findings of fact regarding whether a co-defendant had sufficient knowledge of the extent to which his fellow conspirator possessed and distributed certain amounts of cocaine. 954 F.2d at 1228.
 
 
 9
 We think that United States v. Rey, 923 F.2d 1217 (6th Cir.1991), is instructive on the issue raised by Reed in this appeal. In Rey, agents removed about 6 kilograms of cocaine from a package that was in route to the defendant and replaced all but 2 kilograms of the cocaine with bags of sugar for a controlled delivery to the defendant. However, the removal of most of the cocaine from the package did not affect Rey's sentence. On appeal, we held that Rey's sentence was appropriately determined "as if the object of the conspiracy or attempt had been completed." 923 F.2d at 1223.
 
 
 10
 In the instant case, there is sufficient evidence that Reed knew or should have known of the amount of cocaine that was contained in the package. Therefore, we find that this case is similar to the situation in Rey but distinguishable from the facts of Blankenship.
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM the sentence imposed by the Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio.