995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig AUSTIN, Defendant-Appellant.
 No. 92-6423.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Craig Austin appeals his conviction of violating 18 U.S.C. § 924(c)(1), which prohibits the use of a firearm during a drug-trafficking offense. The statute provides a mandatory five-year sentence for individuals who use or carry firearms during a drug-trafficking offense. We affirm.
 
 
 2
 On February 7, 1992, local police officers in Shelby County, Tennessee executed a search warrant at Austin's home. The police found Austin and two other individuals in Austin's bedroom. The police also found a gun on the dresser in Austin's bedroom and a gun under a sofa cushion in an adjoining room. Two hundred fifty-seven grams of cocaine were found in the garage attached to the house, and drug processing equipment, weighing scales and a "cooking tube" were found in the kitchen of the house. Austin was indicted for possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug-trafficking offense, a violation of 18 U.S.C. § 924(c).
 
 
 3
 At the close of the prosecution's evidence, Austin moved for a judgment as a matter of law, which the district court refused. The jury returned a guilty verdict on both counts, and Austin was sentenced to a term of imprisonment of three years on the first count, to be followed by a five-year sentence on the second count. Austin filed this timely appeal.
 
 18 U.S.C. § 924(c)(1) provides:
 
 4
 Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 5
 Austin argues that the two guns in his house were too remote from the drugs and drug paraphernalia for a reasonable jury to find that they were used or carried "during and in relation to" a drug-trafficking offense. Austin argues that the facts of this case were not sufficiently similar to the facts of prior cases in this circuit to warrant affirmance of the firearms conviction. Austin distinguishes this case from a series of cases from this circuit, including United States v. Blankenship, 954 F.2d 1224 (6th Cir.1992); United States v. Chambers, 944 F.2d 1253 (6th Cir.1991); United States v. Head, 927 F.2d 1361 (6th Cir.1991); United States v. Acosta-Cazares, 878 F.2d 945 (6th Cir.), cert. denied, 493 U.S. 899 (1989); and United States v. Henry, 878 F.2d 937 (6th Cir.1989).
 
 
 6
 Although the facts of those cases are not identical to the facts of this case, they do establish that the possession of a firearm which is accessible to defend a cache of drugs constitutes a violation of 18 U.S.C. § 924(c). As this court stated in Acosta-Cazares, 878 F.2d at 952, "We hold that 'uses' and 'carries' should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." Austin had ready access to the guns in his house to secure the drugs in the attached garage or while processing drugs in the kitchen. A reasonable jury could find that Austin was guilty of carrying a firearm during a drug-trafficking offense.
 
 
 7
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation