7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff/Appellee
v.
Theodore Dean LUTTON, Defendant/Appellant
 No. 92-4030.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1993.
 
 Before GUY and NELSON, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM:
 
 
 1
 Theodore Dean Lutton [Lutton] appeals his conviction in the United States District Court for the Northern District of Ohio of the crime proscribed by 18 U.S.C. § 924(c)(1). Finding no error, we AFFIRM.
 
 I.
 
 2
 On April 8, 1992, Lutton approached a friend, John Meyers, Jr. [Meyers], who owned Meyers Towing Service. Lutton first offered to sell Meyers some truck parts, and when Meyers declined to purchase them, Lutton then offered to sell him a quarter pound of marijuana. Meyers responded either with an offer to buy two pounds of marijuana or with an offer to introduce Lutton to a friend who would buy two pounds of marijuana. Lutton left a sample of marijuana, agreeing to return later.
 
 
 3
 Meyers then called the local authorities, who came and spoke with Meyers, taking the sample of marijuana left by Lutton. Paul Monroe and Doug Filippi, respectively the director and an agent of the Trumbill County Drug Task Force, arranged to meet Lutton at Meyers Towing Service to buy the two pounds of marijuana for $4,000.00.
 
 
 4
 When Monroe and Filippi arrived, Lutton was not yet present. Meyers requested that they move the transaction to another location. When Lutton arrived, they moved to a nearby parking lot. Lutton objected to the public nature of the lot but agreed to show Monroe and Filippi the marijuana before relocating again. He showed them three clear plastic bags of what appeared to be marijuana in a bucket of his truck bed. Lutton then returned to his truck to move to another location.
 
 
 5
 Having seen the marijuana, Monroe and Filippi signaled for the authorities surrounding the area to stop Lutton and arrest him. Lutton, either because he saw a gun and feared robbery or because he saw the authorities and feared arrest, fled in his truck. After being pursued for more than eight miles by law enforcement vehicles equipped with sirens and lights, Lutton surrendered. Monroe then located a loaded .38 caliber revolver on the floorboard of the driver's side of Lutton's truck. Previous to that time, the authorities did not know that Lutton was carrying a gun. Lutton claimed that he carried the gun because of a dispute that arose when Lutton shot a neighbor's dog and because of wild dogs that frequented Lutton's neighborhood. Nevertheless, the government indicted and obtained a conviction against Lutton under 18 U.S.C. § 924(c)(1), knowingly using or carrying a firearm "during and in relation" to a drug trafficking crime. Lutton appeals the § 924(c)(1) conviction, claiming the district court erred in failing to grant his motion for judgment of acquittal under Fed.R.Crim.P. 29.
 
 II.
 
 6
 Lutton argues that the gun in question was not used "during and in relation" to a drug trafficking offense. He states that he was unaware that the gun was in his truck at the time of his arrest. He testified that he had always owned guns and that he recently had a problem with a neighbor and multiple stray dogs, necessitating the gun. Lutton contends that at most, the United States showed that he possessed the gun, but not that the gun had any connection to the crime in question.
 
 
 7
 In support, Lutton cites United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990), in which the court stated that § 924(c) "will not support conviction for mere possession of a firearm during the course of criminal conduct." Lutton further cites United States v. Stewart, 779 F.2d 538 (9th Cir.1985) as holding that § 924(c) was not intended to punish a defendant who inadvertently carries a gun during the commission of an unrelated crime. Lutton also cites similar cases from the Second, Eighth and Tenth Circuits.
 
 
 8
 The United States argues in response to Lutton that a reviewing court "examine[s] the totality of the circumstances surrounding the commission of the crime: the emboldened sallying forth, the execution of the transaction, the escape, and the likely response to contingencies that might have arisen during the commission of the crime." Brown, 915 F.2d at 226. The United States emphasizes that Lutton was fleeing from police when he was stopped, his vehicle searched, and the gun found on the driver's side. Furthermore, the United States points out that the defendant was the only occupant of the truck and the truck contained marijuana.
 
 
 9
 The United States also cites law from other circuits to support its argument.
 
 III.
 
 10
 Claims of insufficient evidence to support a conviction are reviewed to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992) (citation omitted).
 
 
 11
 Although Lutton correctly states that "mere possession" of a gun is insufficient for a § 924(c) conviction, the United States need not offer direct evidence that the gun in question emboldened the defendant. Instead, the United States may offer circumstantial evidence that the defendant knew the gun was in the truck, had brought it to protect himself during the drug buy and that it lent him courage. See, e.g., United States v. Blankenship, 954 F.2d 1224, 1229 (6th Cir.), cert. denied, 113 S.Ct. 288 (1992).
 
 
 12
 The United States presented evidence that the gun was found on the driver's side floorboard of Lutton's truck, which could certainly lead to the inference that Lutton knew it was there. Furthermore, the gun was found after Lutton fled a drug transaction with the police in pursuit. In United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989), the court stated, where "it reasonably appears that the firearm found on the premises controlled or owned by the defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise to facilitate a drug transaction, then such firearms are used 'during and in relation to' a drug trafficking crime." Although Lutton testified that he had forgotten that the gun was in the truck and that he carried it only for self-defense against stray dogs, his testimony need not have been believed. The testimony was merely a defense, which the trier of fact is free to accept or reject.
 
 IV.
 
 13
 For the reasons stated above, we find no error in the district court's denial of Lutton's motion for judgment of acquittal, and the district court is therefore AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation