7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Larry SAULSBERRY, Defendant-Appellant.
 No. 92-5617.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1993.
 
 Before: KENNEDY and SILER, Circuit Judges; and BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Larry Saulsberry appeals his conviction and sentence. The issues are whether the district court erroneously: (1) denied defendant's motion for judgment of acquittal; (2) admitted hearsay testimony pursuant to Fed.R.Evid. 801(d)(2)(E); (3) failed to give a curative instruction for the prosecutor's alleged factual misstatements at trial; (4) failed to charge the jury concerning a government informant's ability to conspire; (5) determined defendant's base offense level; or (6) sentenced defendant at the top of the sentencing range. For reasons stated herein, we will affirm the district court.
 
 I.
 
 2
 Saulsberry was indicted along with twenty-five codefendants for conspiracy to possess cocaine with intent to distribute (count one), possessing cocaine with intent to distribute and distribution (counts two and three), and attempting to evade income tax (counts eleven and twelve). He was involved in a lengthy conspiracy led by Eric Bovan that caused in excess of 100 kilograms of cocaine to be transported into Memphis, Tennessee. Upon his plea of guilty to count eleven, count twelve was dismissed. In addition, he was found guilty at trial on counts one, two, and three.
 
 II.
 
 3
 Defendant argues that the district court erroneously denied his acquittal motion because the guilty verdicts concerning counts one, two, and three were not supported by sufficient evidence. Instead, defendant maintains that he was a small-time, independent drug dealer.
 
 
 4
 The test for determining whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "An appellate court must ... resolve all inferences which may reasonably be drawn from the evidence in the government's favor and resolve all conflicts in the testimony the same way." United States v. Tilton, 714 F.2d 642, 645 (6th Cir.1983) (citing United States v. Wolfenbarger, 426 F.2d 992 (6th Cir.1970)). "The government need not show that a defendant participated in all aspects of the conspiracy; it need only prove that defendant was a party to the general conspiratorial agreement." United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991).
 
 
 5
 Sufficient evidence was presented from which the jury could find guilt beyond a reasonable doubt. The evidence showed that defendant was a knowing participant in a large-scale drug trafficking conspiracy. Anthony Bovan testified that defendant was involved in drug dealing with Eric Bovan and that defendant got two or three kilograms of cocaine "a couple of times." Earl Woods, a cooperating individual, testified that when he "was working for Eric in [the] storing of drugs, I had to answer to Larry and Tony as far as distributing their amount and their quantity to them." Donald Tyler, a cocaine purchaser, testified that he purchased cocaine twice from defendant. Physical evidence, including ziploc bags and vitamin powder, relating to drug distribution, was found at defendant's residence.
 
 III.
 
 6
 Defendant argues that the district court erroneously admitted hearsay testimony, when it allowed Woods, a third party, to testify about statements defendant made to Bowie, a co-conspirator. Specifically, defendant objects to Woods' testimony at trial on direct examination:
 
 
 7
 Q. When you were ordered to come back to Memphis, tell us what happened?
 
 
 8
 A. After I got back to Memphis--
 
 
 9
 Q. Who all came back to Memphis?
 
 
 10
 A. Uncle Bo, Mark Bowie and myself.
 
 
 11
 Q. Did you have the six kilos with you?
 
 
 12
 A. Yes, sir, we did.
 
 
 13
 Q. Was that in the van?
 
 
 14
 A. Yes, sir it was.
 
 
 15
 Q. In the Toyota van. Go ahead. What happened when you got back here?
 
 
 16
 A. We got back here, and Uncle Bo called--no, it was Mark Bowie. One of them called Larry Saulsberry as soon as we got here.
 
 
 17
 * * *
 
 
 18
 * * *
 
 
 19
 Q. Were you present when this person called?
 
 
 20
 A. Yes, sir, I was there.
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 23
 Q. Who actually made the call, Mr. Woods?
 
 
 24
 A. Mark Bowie made the statement, made the call.
 
 
 25
 Q. And did he in fact make a call?
 
 
 26
 A. Yes, he did.
 
 
 27
 Q. What did he tell you after that call?
 
 
 28
 A. We were supposed to take two kilos and drop them off at Larry Saulsberry's house, but we messed up and left it at Miss Evelyn's house, because Larry had been staying there, but it was Miss Evelyn's house. We put the kilos inside--well, we put them inside the storage room mistaking Larry's house, and nobody was there.
 
 
 29
 So we called Larry again, and Larry instructed us that wasn't the house he told us to, and Kenny Upshaw would meet us at a disclosed area and give it to him.
 
 
 30
 The admission of statements by co-conspirators does not violate a defendant's Sixth Amendment right to confrontation. Bourjaily v. United States, 483 U.S. 171, 183-84 (1987). To invoke the hearsay exception, the government must show "by a preponderance of the evidence (1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy." United States v. Vinson, 606 F.2d 149, 152 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980); Fed.R.Evid. 801(d)(2)(E).
 
 
 31
 The out-of-court declarations were properly admitted, as both Bowie and defendant were co-conspirators and any statements made in furtherance of the conspiracy were admissible. Id. Defendant argues, however, that because the third party witness was not a member of the conspiracy, this testimony is hearsay. However, Fed.R.Evid. 801 does not require that the testifying witness be a coconspirator. Instead, "[a] statement is not hearsay if ... [t]he statement is offered against [the] party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E).
 
 IV.
 
 32
 Defendant argues that the prosecutor misstated the facts presented at trial, and that these misstatements rendered the trial fundamentally unfair. However, defendant's argument is meritless because the facts were not misstated.
 
 Anthony Bovan testified at trial:
 
 33
 Q. After you became involved with Eric, or during the time you were involved with Eric, was your brother Larry Saulsberry, also involved with drugs?
 
 
 34
 A. Yes, he was.
 
 
 35
 Q. And was he also involved with Eric?
 
 
 36
 A. Yes.
 
 
 37
 * * *
 
 
 38
 * * *
 
 
 39
 Q. Did Eric ever discuss with you drugs and quantities that were going to Larry Saulsberry?
 
 
 40
 A. I think he said a couple of times there was two or three of them going to him.
 
 
 41
 Q. Two or three what?
 
 
 42
 A. Kis. [kilograms]
 
 
 43
 During closing arguments, the prosecutor stated: "Tony Bovan, he testified that there also was cocaine, and he testified that Larry Saulsberry was a part of the conspiracy." Defense attorney then objected, claiming these comments misstated the proof presented. The court responded to the objection by informing the jury that "if their recollection of the evidence is different from what one of the lawyers is [sic], then it's up to them to be guided by their own recollection." The prosecutor did not misstate the facts presented during trial. Furthermore, because the district court eliminated the confusion, it did not erroneously overrule defendant's objections to the prosecutor's closing remarks. See United States v. Alloway, 397 F.2d 105, 113 (6th Cir.1968).
 
 V.
 
 44
 Defendant argues that the district court inappropriately charged the jury with respect to immunized witnesses. "The standard on appeal is whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984), cert. denied, 472 U.S. 1029 (1985) (citations omitted). "A judge does not commit error because he or she fails to use language contained in a request, so long as the instruction given is accurate and sufficient." Id.
 
 The following jury charge was given:
 
 45
 One who testifies under a grant of immunity with the promise from the government that he will not be prosecuted is a competent witness. His testimony may be received in evidence, and you may consider it even though it is not corroborated or supported by other evidence. You should examine such testimony however, with greater care than the testimony of an ordinary witness. You should consider whether the testimony may be colored in such a way as to further the witness's own interest, for a witness who realizes that he may avoid prosecution by incriminating another has a motive to falsify. After that consideration, you may give the testimony of the immunized witness such weight as you feel it deserves.
 
 
 46
 After looking over the jury charge, defense counsel informed the court: "I'm fine on the jury charge." Defendant did not object to the jury instructions or request alternate instructions. Accordingly, this issue has not been preserved for appeal. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 47
 Defendant argues, nevertheless, that the court committed plain error when it failed to instruct the jury as to the inability of a defendant to conspire with a government informant. This argument is meritless because defendant was not charged with conspiring with the government informant, but with other defendants.
 
 VI.
 
 48
 Defendant argues that the district court erroneously determined defendant's base offense level because it: (1) considered testimony from a prior trial; (2) considered an amount of drugs "not reasonably foreseeable" to defendant; and (3) adopted the findings of the presentence report.
 
 
 49
 (1) Hearsay may be considered in determining a defendant's sentence as long as it has "sufficient indicia of reliability to support its probable accuracy." United States v. Silverman, 976 F.2d 1502, 1513 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). Thus, the use of sworn testimony from a prior trial may be used.
 
 
 50
 (2) The amount of cocaine attributed to defendant was six kilograms and five ounces. The district court did not erroneously consider this amount, as "the entire quantity of cocaine attributable to a distribution enterprise is included in determining the base offense level of a conspirator." United States v. Blankenship, 954 F.2d 1224, 1228 (6th Cir.), cert. denied, 113 S.Ct. 288 (1992) (citations omitted).
 
 
 51
 (3) The district court did not erroneously adopt the presentence report findings that defendant testified untruthfully at an earlier trial. Instead, the court properly enhanced defendant's base offense level by two points for obstruction of justice. Further, defendant did not present evidence supporting a reduction. The court found:
 
 
 52
 This is a case in which Mr. Saulsberry not only failed to accept responsibility, but it is a situation in which he actively tried to produce a result inconsistent with the true facts in his testimony at the initial trial, the first trial.
 
 VII.
 
 53
 Defendant argues that, because he was only involved in five counts of the sixteen count indictment and participated in only four of the fifty-one overt acts, he should not have been sentenced at the top of the sentencing guidelines range. However, "[a] reviewing court must 'give due deference to the district court's application of the guidelines to the facts.' " United States v. Christoph, 904 F.2d 1036, 1039 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). The district court found that "if you were to put the defendants in this case in a stair step from least involved to most involved, Mr. Saulsberry would rank pretty high on the list." Accordingly, the district court did not erroneously sentence defendant to 293 months imprisonment, which was within the guidelines range.
 
 
 54
 AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation