53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vernard MULL, Defendant-Appellant.
 No. 94-5833.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1995.
 
 Before: BOGGS and BATCHELDER, Circuit Judges; and QUIST, District Judge.*
 PER CURIAM.
 
 I.
 
 1
 On July 21, 1993, a grand jury indicted defendant Vernard Mull in a three-count superseding indictment. On November 4, 1993, Mull entered a guilty plea to Count 3, which charged him with possession with intent to distribute approximately 987 Dilaudid tablets. Each Dilaudid tablet contains 4 milligrams of active Dilaudid; the total weight of each Dilaudid tablet is 90 milligrams. Pursuant to the United States Sentencing Guidelines, the district court used the total weight of Dilaudid tablets to calculate a base offense level of 26 based on 987 Dilaudid tablets which converts (using the Guidelines Drug Equivalency Tables) to 222.08 kilograms of marijuana. Level 26 is the appropriate base offense level for offenses involving 100 to 400 kilograms of marijuana. See U.S.S.G. Sec. 2D1.1(c)(7).
 
 
 2
 On June 3, 1994, the district court sentenced Mull to a term of 78 months in prison to be followed by three years of supervised release. According to Mull's adjusted offense level of 28 and a criminal history category of I, the sentence handed down by the district court fell at the bottom end of the guideline range of 78 to 97 months. Mull filed this timely appeal on June 13, 1994.
 
 II.
 
 3
 Mull's primary argument on appeal is that his criminal sentence should be recalculated based on evidence that one Dilaudid tablet, weighing 90 milligrams, contains only 4 milligrams of hydromorphone hydrochloride. Mull contends that because hydromorphone hydrochloride is the only active ingredient in a Dilaudid tablet, only 4 milligrams of the total weight of the tablet should be used to determine the appropriate sentence in a Dilaudid conviction. Mull argues that Dilaudid is analogous to LSD, for which the Sentencing Guidelines mandate that calculation of the weight of the controlled substance is to be made without regard to the weight of the typical carrier medium such as blotting paper; therefore, according to Mull, the weight of the carrier material in Dilaudid pills should likewise be disregarded.
 
 
 4
 This Circuit addressed and rejected the identical argument in United States v. Landers, 39 F.3d 643, 647-48 (6th Cir.1994), where, citing Chapman v. United States, 500 U.S. 453 (1991), we held that the United States Sentencing Guidelines clearly intend for the entire weight of the mixture containing the drug to be calculated. As the commentary states:
 
 
 5
 Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. If a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level.
 
 
 6
 U.S.S.G. Sec. 2D1.1(c), n. *. We are bound by the decision in Landers.
 
 
 7
 Mull raises several additional issues in his response brief. Although these issues should have been raised in Mull's initial appellate brief,[1] we nonetheless address them, and find that they have no merit. First, Mull challenges his sentence alleging that the district court erred in concluding that Mull did not accept responsibility for his role in the offense. Mull claims that he provided complete information to the Government concerning the offense, that he indicated his intention to enter a guilty plea, and that he subsequently entered a guilty plea to Count 3. According to Mull, these factors prove that he accepted responsibility for his role in the offense.
 
 
 8
 The district court's determination of the defendant's acceptance of responsibility is a question of fact that we review for clear error. United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992), cert. denied, 114 S.Ct. 733 (1994). Absent extraordinary circumstances, review in this regard will nearly always result in sustaining the district's determination. Id. at 400. Furthermore, the mere fact that the defendant has entered a guilty plea does not entitle him to an acceptance of responsibility reduction. Id. Having found no extraordinary reason to question the finding of the district court, we affirm the court's finding with regard to acceptance of responsibility.
 
 
 9
 Finally, Mull challenges the two-level addition to his base offense level, arguing that the conduct charged--reckless endangerment during flight--constitutes a distinct crime, independent from Count 3, for which he is entitled to a jury trial. This claim too is without merit.
 
 
 10
 In order to comply with due process, a sentence imposed under the Sentencing Guidelines must be based on information that bears some minimal indicia of reliability beyond mere allegation to support its probable accuracy. See United States v. Gibson, 985 F.2d 860, 865 (6th Cir.), cert. denied sub nom. Baker v. United States, 113 S.Ct. 2981 (1993); United States v. Herrera, 928 F.2d 769, 773-74 (6th Cir.1991). Despite Mull's argument, "the constitutional protections afforded defendants at a criminal trial, including confrontation rights, are not available at sentencing proceedings to limit the court's consideration of the background, character and conduct of the defendant." United States v. Silverman, 976 F.2d 1502, 1511 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1595 (1993). The conduct the court may consider need not be part of the conduct for which defendant was indicted, or even illegal conduct. 18 U.S.C.A. Sec. 3553(a)(1) (West 1985) (court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant"); 18 U.S.C.A. Sec. 3661 (West 1985) ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense" which court may receive in sentencing). Evidence at sentencing may even include acquitted conduct to support an enhancement. United States v. Blankenship, 954 F.2d 1224, 1227 (6th Cir.), cert. denied, 113 S.Ct. 288 (1992). The evidence used to support an enhancement may include facts disclosed during the presentence conference, United States v. Wilson, 954 F.2d 374, 377 (6th Cir.1992), and any enhancement must be based on a preponderance of the evidence. United States v. Moored, 997 F.2d 139, 144 (6th Cir.1993).
 
 
 11
 Mull has already admitted that he was involved in a car chase following the charged offense. According to the sentencing transcript, when law enforcement officers attempted to arrest Mull, he fled in his car, the officers chased him, Mull crashed his car, and attempted to run. Mull admitted that the facts as stated by the Government were "completely accurate." As with all adjustments, once a finding has been made that a particular enhancement provision applies, the district court has no discretion to refuse to apply the enhancement. United States v. Medina, 992 F.2d 573, 591 (6th Cir.1993) (citing United States v. Feinman, 930 F.2d 495 (6th Cir.1991), cert. denied, 114 S.Ct. 1049 (1994). The district court did not err in applying the enhancement.
 
 III.
 
 12
 For the foregoing reasons, we AFFIRM the district court's Guideline calculation of the defendant's criminal sentence.
 
 
 
 *
 Honorable Gordon J. Quist, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 We note that although Mull's initial brief was filed by his counsel, his response brief was filed pro se