NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0223n.06

No. 12-2342

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 25, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| VICTOR MANUEL SOTO-ESEBERRE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, SILER, and GIBBONS, Circuit Judges.

PER CURIAM. Victor Manuel Soto-Eseberre appeals the district court's judgment of conviction and sentence.

Soto-Eseberre was charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Soto-Eseberre moved to suppress his post-arrest statements to police on the basis that his inability to understand English and the delay between his arrest and questioning prevented him from knowingly and voluntarily waiving his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The district court denied the motion to suppress, and Soto-Eseberre proceeded to trial. A jury found him guilty of the conspiracy charge, and the district court sentenced Soto-Eseberre to 120 months in prison.

On appeal, Soto-Eseberre argues that the district court erred by denying his motion to suppress and by admitting certain hearsay testimony. In reviewing the district court's denial of a

motion to suppress, we review factual findings for clear error and conclusions of law de novo. *United States v. Beauchamp*, 659 F.3d 560, 565 (6th Cir. 2011). We review the evidence in the light most favorable to the government. *Id.* at 565-66. When reviewing the validity of a *Miranda* waiver, we examine the totality of the circumstances to determine whether the waiver was the product of a free and deliberate choice made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *United States v. Lawrence*, 735 F.3d 385, 437 (6th Cir. 2013).

At the suppression hearing, two law enforcement officers testified concerning the circumstances surrounding Soto-Eseberre's arrest and questioning. According to the officers, when they were executing the search warrant, Soto-Eseberre complied with their verbal commands that were given in English. Following his arrest, Soto-Eseberre completed the booking process without difficulty, conversing and answering questions in English. The officers questioned Soto-Eseberre approximately five hours after his arrest. Prior to the interview, an officer read Soto-Eseberre his *Miranda* rights in English and provided him with written *Miranda* warnings in Spanish. Soto-Eseberre confirmed that he read and understood the warnings, and he agreed to an interview. Given the evidence presented at the suppression hearing, the district court did not clearly err by concluding that Soto-Eseberre understood his *Miranda* rights and knowingly and voluntarily waived them.

Soto-Eseberre also argues that the district court erred by admitting into evidence testimony from his co-conspirator, Alejandro Hernandez, concerning statements made by a man named Luis, who shipped cocaine to Hernandez from Arizona. Hernandez testified that Luis told him over the phone that he was sending someone to help with the cocaine and that the individual, who turned out to be Soto-Eseberre, would be arriving at an airport in Michigan. Soto-Eseberre contends that the district court should not have admitted Luis's statements as statements of a co-

conspirator under Federal Rule of Evidence 801(d)(2)(E) because the conspiracy charged in the superseding indictment involved only Soto-Eseberre and Hernandez.

The district court did not err by admitting the challenged testimony because the co-conspirator exception to the hearsay rule may apply regardless of whether a conspiracy is charged in the indictment, *see United States v. Blankenship*, 954 F.2d 1224, 1231 (6th Cir. 1992); *United States v. Ayotte*, 741 F.2d 865, 869 (6th Cir. 1984), or whether the indictment charges a different conspiracy, *see United States v. Mitchell*, 556 F.2d 371, 377 (6th Cir. 1977); *see also United States v. Rutland*, 705 F.3d 1238, 1248 n.4 (10th Cir. 2013); *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999).

Accordingly, we affirm the district court's judgment.