UNITED STATES of America, Appellee,

v.

Donovan Juan MICHAELS, Appellant.

No. 89–5154MN.

United States Court of Appeals,
Eighth Circuit.

Submitted May 31, 1990.

Decided Aug. 13, 1990.

See also, D.C., 706 F.Supp. 699.

Daniel M. Scott, Minneapolis, Minn., for appellant.

James E. Lackner, Minneapolis, Minn., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

ARNOLD, Circuit Judge.

Donovan Juan Michaels appeals from his convictions of one count of conspiring to distribute cocaine, six counts of aiding and abetting the distribution of cocaine, and one count of use of a firearm during the commission of a drug-trafficking offense. On appeal, he argues three points: (1) the Court[1] erred in its jury instruction on the firearms count; (2) the Court's error in sustaining one of the government's objections to a portion of his closing argument so prejudiced defense counsel in the eyes of the jury that it violated defendant's Fifth Amendment right to a fair trial; and (3) the Special Assessment Statute, 18 U.S.C. § 3013, violates the Origination Clause of the United States Constitution, Art. I, § 7, cl. 1. We affirm defendant's conviction and the sentence imposed by the District Court.

On October 4, 1988, a grand jury returned an eight-count indictment charging defendant with aiding and abetting and conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 respectively. The indictment also included one count of use of a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c). On December 6, 1988, a jury trial commenced. At the close of the evidence, the Court held a discussion on jury instructions in chambers. Defendant objected to a proposed jury instruction defining the "use" of a firearm for purposes of 18 U.S.C. § 924(c). The objection was overruled and the instruction subsequently given to the jury. Later, during closing arguments, the government objected to defendant's argument as it related to a Judy Butler on the ground that the facts stated in the argument were not in evidence. The Court sustained the objection, but instructed the jury to rely upon their own recollection of the testimony. On December 9, 1988, the jury returned a verdict of guilty on all counts. The Court sentenced defendant to concurrent 36–month sentences for the drug offenses and a consecutive 60–month sentence for the firearms offense. Defendant also received a five-year term of supervised release for the drug offenses and a three-year term for the firearms offense, which are to be served concurrently. In addition, the Court ordered defendant to pay a special assessment of $400.00.

On appeal, defendant first argues that the Court erred in its instruction on the firearms charge, thereby denying him his Fifth Amendment right to a fair trial. Defendant claims that the instruction failed to mention that the firearm must be used during and in relation to the drug-trafficking offense. We disagree. Looking at the instructions as a whole, we see that the Court made clear that the gun must be used during and in relation to the drug offense. Even if we confined our attention to the particular passage in the instructions highlighted by defendant, we could not agree with his contention. The instruction required the jury to find, at the very least, that the gun was available to the defendant, and that its availability facilitated the carrying out of the drug-trafficking crime. This language is fully supported by *United States v. Matra*, 841 F.2d 837 (8th Cir. 1988), as the District Court pointed out. *Matra* holds that if a gun is available to the defendant, and if the gun was an integral part of the crime and increased the likelihood of its success, then it was used during and in relation to the crime. The instruction complained of here did no more

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

 

than paraphrase *Matra*'s interpretation of the statute. This was not error.

■ Defendant next argues that the Court's error in sustaining the government's incorrect objection to defendant's closing argument damaged the credibility of defendant's counsel so as to deny defendant his constitutional right to a fair trial.[2] We cannot find an error in the Court's sustaining the misplaced objection that rises to the level of a violation of the Fifth Amendment. Neither the Court nor the government directly attacked counsel's character. Furthermore, the Court at least partially cured any damage it may have caused. Immediately after sustaining the objection, the Court cautioned the jury that they should rely upon their own recollection of the facts. Then at the close of trial, the Court again instructed the jury that "if any reference by the court or counsel to matters of evidence does not coincide with your own recollection, it is your recollection which shall control your deliberations." Tr. 486. Any residual error was harmless beyond a reasonable doubt in the context of this case, which was overwhelmingly against the defendant.

■ Finally, defendant challenges the constitutionality of the Special Assessment Statute, 18 U.S.C. § 3013. He argues that the bill creating the special assessment raises revenue but originated in the Senate, thus violating the Origination Clause of the United States Constitution. U.S. Const., Art. I, § 7, cl. 1.

We heard argument in this case on September 11, 1989. On October 2, 1989, the Supreme Court granted certiorari to review *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988), raising the same Origination Clause question. —— U.S. ——, 110 S.Ct. 48, 107 L.Ed.2d 17 (1989). We then entered an order holding this appeal in abeyance pending the Supreme Court's decision (order entered October 18, 1989). The Supreme Court's decision came down on May 21, 1990, and it has upheld the statute, on the ground that it is not a bill to raise revenue as that phrase is used in the

Constitution. *United States v. Munoz–Flores*, —— U.S. ——, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990). We are of course bound by that holding, and we must reject Michaels's attack on the special-assessment law.

Accordingly, we affirm the judgment of the District Court.

**2.** The government concedes that its objection was unfounded.