**UNITED STATES of America, Appellee,**

v.

**Randy G. THOMAS, Appellant.**

**No. 91–3622.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1992.

Decided May 21, 1992.

---

R. Steven Brown, Springfield, Mo., argued, for appellant.

Richard E. Monroe, Springfield, Mo., argued, for appellee.

Before McMILLIAN, BOWMAN, Circuit Judges, and EISELE,[*] Senior District Judge.

BOWMAN, Circuit Judge.

Randy G. Thomas appeals his conviction under 18 U.S.C.A. § 924(c) (West Supp. 1992) for using or carrying a firearm during and in relation to a drug trafficking offense. We affirm.

Corporal Kirby Johnson of the Missouri State Highway Patrol was working as an undercover narcotics officer when he met Randy Thomas on June 11, 1991, at the home of David and Lesta Boster in Texas County, Missouri. Johnson purchased methamphetamine from Thomas during this encounter, and arranged to meet Thomas later that evening to sell him five pounds of marijuana, in what would be a reverse sting operation. With a concealed recording device, Johnson tape-recorded his conversations with Thomas at the Bosters', including Thomas's statements that he carried a .45 automatic, so he was not worried about being "bothered."

That evening, Johnson went to the appointed location in Mountain Grove, Missouri, with back-up officers in the area to assist as necessary. Thomas arrived, driving a car in which David Boster was a passenger. Thomas entered Johnson's car, where Johnson gave Thomas five pounds of marijuana and received a payment of $1900 on the full agreed-upon purchase price of $7500. Thomas told Johnson that he would pay the balance after he re-sold the marijuana.

Thomas took the marijuana and returned to his car, where Boster had remained throughout the transaction. As Thomas began to drive away, he was arrested by other law enforcement officers. The package of marijuana was recovered from outside Thomas's car, where apparently he had tossed it as the officers approached. Thomas's car was searched and, among other items, the officers seized an unloaded Colt .45 caliber automatic pistol from between the front bucket seats; four rounds of .45 caliber ammunition in a magazine, inside a military-type holder, from the dashboard above the steering wheel; ammunition for firearms other than the Colt .45; and marijuana.

Thomas was indicted on four counts. Count IV was dismissed before trial. Thomas pleaded guilty to Counts I and II, methamphetamine and marijuana trafficking charges. A jury found him guilty of Count III, knowingly and willfully using and carrying a firearm in relation to the

[*] The HONORABLE GARNETT THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

marijuana transaction that Thomas pleaded guilty to in Count II. The District Court[1] sentenced Thomas to imprisonment for sixteen months on each of the drug trafficking counts, with the sentences to run concurrently, and a consecutive sixty-month sentence on Count III. Thomas appeals the firearm conviction.

Thomas's first claim on appeal is that the District Court erred in refusing to give a jury instruction that he tendered. Thomas claims that his proposed Instruction A set forth the theory of his defense, and thus he was entitled to have the instruction submitted to the jury because, according to Thomas, he had requested it in a timely manner, it was a correct statement of the law, and it was supported by the evidence. *See United States v. Jordan*, 893 F.2d 182, 185 (8th Cir.), *vacated on other grounds*, 496 U.S. 902, 110 S.Ct. 2581, 110 L.Ed.2d 262 (1990). We do not agree that Thomas's tendered instruction was a correct statement of the law.

The statute under which Thomas was convicted provides for a minimum of five years imprisonment, to be served consecutive to any sentence imposed for the underlying offense, where a defendant "uses or carries" a gun "during and in relation to any ... drug trafficking crime." 18 U.S.C.A. § 924(c). Instruction 17, which the District Court gave to the jury at Thomas's trial, defined the phrase "uses or carries a firearm" as "having a firearm available to assist or aid in the commission" of the marijuana transaction charged in Count II of the indictment. Instruction No. 17, *reprinted in* Joint Appendix at 28. Thomas's tendered instruction A further defined "in relation to" to require proof beyond a reasonable doubt that the firearm "facilitated the commission of the offense ... or had a role in the offense." Instruction No. A, *reprinted in* Joint Appendix at 32. Apparently Thomas's theory of defense, then, was that he did not use the Colt .45 to "facilitate" the drug transaction.

It is true "that mere possession of a firearm is not sufficient to constitute use during and in relation to a drug offense." *United States v. Duke*, 940 F.2d 1113, 1118 (8th Cir.1991). On the other hand, a conviction under section 924(c) does not require that the gun be "brandished or discharged to be used." *Id.* Thomas's interpretation of the statutory language "in relation to" demands proof of a far more active role for the firearm than either the plain language of the statute or the law of this Circuit requires.

In this case, the gun and ammunition were within easy reach of Thomas's confederate, who was located just a few yards away throughout the drug transaction to which Thomas pleaded guilty. The gun's " 'presence and availability' " permitted the jury to infer Thomas's intent to use the gun had there been " 'evident need' " for the threat or use of force during the deal. *United States v. Lyman*, 892 F.2d 751, 753 (8th Cir.1989) (quoting *United States v. LaGuardia*, 774 F.2d 317, 321 (8th Cir.1985)), *cert. denied*, —— U.S. ——, 111 S.Ct. 45, 112 L.Ed.2d 21 (1990). This is a case where the gun's *"availability* facilitated the carrying out of the drug-trafficking crime." *United States v. Michaels*, 911 F.2d 131, 132 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 981, 112 L.Ed.2d 1066 (1991) (emphasis added). That is all the law requires.

Contrary to Thomas's assertion, a section 924(c) conviction does not require proof that Thomas actually used the Colt .45 during the marijuana transaction to which Thomas pleaded guilty. "It is sufficient to show that the defendant kept the firearm[ ] readily accessible to protect and facilitate the drug enterprise." *United States v. Young–Bey*, 893 F.2d 178, 181 (8th Cir.1990). Thomas's earlier statements at the Boster residence, made while discussing drug deals with Johnson, that he carried a .45 automatic so as not to be "bothered," together with the gun's presence in the car within easy reach of Thom-

---

1. The Honorable Russell G. Clark, Senior Judge, United States District Court for the Western District of Missouri.

as's confederate throughout the reverse sting, clearly demonstrate that Thomas used the gun to protect and facilitate his drug enterprise.

We are satisfied that Thomas's proffered instruction requiring proof that the gun played an active role in the marijuana transaction is not an accurate statement of the law and that the District Court properly rejected it.

Thomas also challenges the District Court's admission of certain other crimes evidence. The evidence in question is the testimony of Sergeant Carl D. Watson that in July 1986 he assisted with the execution of a search warrant at Thomas's residence. Watson testified that an AR–15 automatic rifle was found in the house and that Thomas was seen fleeing from the house with a box containing marijuana. Photographs of the weapon and the box of marijuana were admitted into evidence; the certified record of the state court conviction on charges resulting from the incident was offered as evidence by the government but refused by the court.

Federal Rule of Evidence 404(b) sets forth the circumstances in which other crimes evidence is admissible in federal court. Such evidence is properly received for purposes other than to prove character or "to show action in conformity therewith." Fed.R.Evid. 404(b). Such evidence is properly used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* The District Court held, as contended by the government, that "the photographs were relevant to show that the presence of a firearm was no mistake or accident because defendant had a predisposition towards possessing a firearm while engaged in his drug trafficking activities." *United States v. Thomas,* No. 91–3235–01–CR–S–4, Order at 5 (W.D.Mo. Oct. 15, 1991), *reprinted in* Joint Record on Appeal at 17, 21. The court further held that Thomas was not unduly prejudiced by the admission of the 404(b) evidence.

■ Certain conditions must be met before other crimes evidence may be deemed properly received. Such evidence must be relevant to a material issue raised at trial. The other crime must be similar in kind and reasonably close in time to the crime charged. The evidence must be sufficient to support a finding that the defendant committed the other crime. And the probative value of the other crime evidence must outweigh any undue prejudice resulting from its admission. *United States v. Aranda,* 963 F.2d 211, 215 (8th Cir.1991) (quoting *United States v. Campbell,* 937 F.2d 404, 406 (8th Cir.1991)).

■ We find it unnecessary to consider whether the evidence in question met these conditions for admission under Rule 404(b). The evidence of Thomas's use of a firearm during and in relation to the marijuana transaction is overwhelming, and thus we hold that any error in the admission of the other crimes evidence was harmless beyond a reasonable doubt. *See United States v. Garbett,* 867 F.2d 1132, 1135 (8th Cir.1989). We would caution prosecutors to avoid creating issues on appeal by offering redundant evidence when presenting a case as airtight as this one.

Finally, Thomas claims that the evidence is insufficient to support his conviction. We disagree. As we have noted in our discussion here of the other points Thomas raises on appeal, the government's case against Thomas was solid and the proof of the section 924(c) violation was overwhelming. Thomas's claim that the statutory "use" requirement for conviction went unproved is unavailing. *See United States v. Townley,* 929 F.2d 365, 368 (8th Cir.1991) (evidence of use sufficient where gun was seized from bedside dresser and cocaine was found in kitchen cabinet); *United States v. Brett,* 872 F.2d 1365, 1371 (8th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989) (evidence of use sufficient where gun was seized from co-conspirator after both had fled drug house).

Thomas's conviction is affirmed.