**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Neil Virgil COYLE, Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Edward SWEDZINSKI,**
**Defendant–Appellant.**

Nos. 92–2300, 92–2630.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1992.

Decided March 15, 1993

Rehearing and Rehearing En Banc Denied in No. 92–2300 April 13, 1993.

As Modified on Denial of Rehearing and Rehearing En Banc July 7, 1993.

Virginia G. Villa, Minneapolis, MN, argued (Scott F. Tilsen and Virginia G. Villa, on the brief), for Neil Virgil Coyle.

John P. Sheehy, Minneapolis, MN, argued (John P. Sheehy and Daniel C. Guerrero on the brief), for Mark Edward Swedzinski.

Nathan P. Petterson, Minneapolis, MN, argued (Thomas B. Heffelfinger and Nathan P. Petterson on the brief), for U.S.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and VAN SICKLE,** Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Coyle and Swedzinski appeal their convictions for aiding and abetting and conspiracy to grow marijuana. Swedzinski also appeals his conviction for carrying a firearm in relation to the drug offense. Coyle raises an insufficiency of evidence argument and Swedzinski argues that the district court[1] erred in refusing to instruct the jury on intent. We affirm the convictions.

On September 20, 1991, agents of the Minnesota Bureau of Criminal Apprehension discovered a plot of cultivated marijuana in Lincoln County, Minnesota. The agents placed the area under surveillance and, on September 23, 1991, observed Swedzinski enter the plot and inspect the marijuana plants. The agents arrested Swedzinski, who was carrying a loaded .22–caliber pistol in a holster. The agents found that the plot contained 178 cultivated marijuana plants, and had been "booby trapped" with strands of barbed wire and camouflaged pitchfork heads.

The BCA agents then searched the homes of Swedzinski and Coyle. At Swedzinski's home, they found small marijuana plants, a book entitled "Marijuana Growers Guide," two firearms, a small scale, and fluorescent lights. On Coyle's property, they found numerous small marijuana plants under a timed lighting system, bags of processed marijuana, marijuana residue, a digital scale, plant food, books containing information on marijuana growing, three firearms, and photographs of Coyle displaying marijuana. Coyle arrived during the search, was arrested, and was carrying $1,269 cash. The search of Coyle's van revealed rolling papers, a roach clip, and three pitchforks.

Both Coyle and Swedzinski were charged with one count of manufacturing marijuana plants in violation of 21 U.S.C. § 841 (1988) and 18 U.S.C. § 2 (1988). The men were also charged with one count of conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. § 846 (1988). Swedzinski was charged with carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1988). A jury found both men guilty on all counts.

I.

Coyle argues that there was insufficient evidence to establish that he either aided or abetted in the manufacture of marijuana plants or conspired with Swedzinski in the manufacture of marijuana plants. The standard of review for sufficiency of evidence is very clear:

> In reviewing the sufficiency of the evidence to support a guilty verdict, we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict. We then uphold the conviction only if it is supported by substantial evidence.

*United States v. Plenty Arrows*, 946 F.2d 62, 64 (8th Cir.1991) (citations omitted); *see also Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).[2]

---

** The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2. Coyle also argues that there is a conflict between our more recent sufficiency of evidence decisions, which hold that we will not disturb a conviction when the evidence "rationally supports two conflicting hypotheses," *United States v. O'Connell*, 841 F.2d 1408, 1424 (8th Cir.1988), *cert. denied*, 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989), and our earlier decisions, which hold that a "conviction cannot rest on evidence that no more supports guilt than innocence." *United States v. Hepp*, 656 F.2d 350, 353

(8th Cir.1981); *cf. United States v. Jones*, 545 F.2d 1112, 1115–16 (8th Cir.1976), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977).

Coyle argues that we must apply the standard found in the earlier cases. We are not sure that the earlier cases remain valid after *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See United States v. Moya*, 721 F.2d 606, 609–10 (7th Cir.1983), *cert. denied*, 465 U.S. 1037, 104 S.Ct. 1312, 79 L.Ed.2d 709 (1984), and *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982), *aff'd*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). We declined an invitation to examine the validity of this early rule in *United States v. Shahane*, 517 F.2d 1173, 1177–78 (8th Cir.), *cert. denied*, 423 U.S. 893, 96 S.Ct.

The physical evidence seized at Coyle's home and introduced at trial establishes beyond any doubt that Coyle was an experienced marijuana grower. The government introduced evidence of frequent telephone calls between Coyle and Swedzinski during the months preceding the arrests. One of the government's witnesses, a woman who rented a house on the property where the marijuana plot was located, testified that she had seen Coyle on the property with Swedzinski on several occasions, the most recent being approximately one week before the arrests. The witness also testified that Coyle was with Swedzinski when Swedzinski asked her to keep hunters away from the area of the property where the marijuana plot was located. Coyle's van contained three pitchforks similar to those used to "booby trap" the marijuana plot. We conclude that it is reasonable to infer from these facts that Coyle assisted Swedzinski in maintaining the marijuana growing operation. The direct evidence and the reasonable inferences from that evidence constitute substantial evidence supporting both of Coyle's convictions.

## II.

 Swedzinski argues that the district court erred in refusing to add language on "specific intent" or "intent" to the jury instruction on the gun charge. Swedzinski's trial counsel argued that the jury was required to find that Swedzinski had actually intended to use or carry the gun in relation to the drug offense, and requested the jury be so instructed.

The district court gave an instruction which recited the language of the statute, and then stated:

The phrase "uses or carries a firearm" means having a firearm available to assist or aid in the commission of the crime alleged in Count I of the indictment.

In determining whether defendant Mark Swedzinski used or carried a firearm during and in relation to a drug trafficking crime, you may consider all the factors

received in evidence in the case, including the nature of the underlying crime of drug trafficking alleged, the proximity of the defendant Mark Swedzinski to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

During the instruction conference, Judge Doty pointed out that this instruction was virtually the same instruction that he had given in *United States v. Michaels*, 911 F.2d 131 (8th Cir.1990), *cert. denied*, 498 U.S. 1094, 111 S.Ct. 981, 112 L.Ed.2d 1066 (1991). This court approved the instruction given in the *Michaels* case, pointing out that it "required the jury to find, at the very least, that the gun was available to the defendant, and that its availability facilitated the carrying out of the drug trafficking crime." *Id.* at 132.

There was no error in giving this instruction. The instruction directs the jury to consider whether the weapon was available to assist or aid in the commission of the underlying crime. We have previously recognized that the presence and availability of a weapon permits a jury to infer an intent to use the weapon should there be an "evident need." *United States v. Thomas*, 964 F.2d 836, 838 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 265, 121 L.Ed.2d 195 (1992). However, neither *Thomas* nor any other decision of this court establishes intent as a separate element of the weapons offense. A specific instruction on intent is therefore not required, and the district court did not err in instructing the jury on this point.

Swedzinski particularly argues that our decision in *United States v. Lyman*, 892 F.2d 751 (8th Cir.1989), *cert. denied*, 498 U.S. 810, 111 S.Ct. 45, 112 L.Ed.2d 21 (1990), requires submission of specific intent. He argues that a jury can only properly infer intent if it is instructed that intent is an element of the charge. We do not so read then Chief Judge Lay's opinion in *Lyman*. *Lyman* discusses sufficiency of the evidence and makes clear

191, 46 L.Ed.2d 124 (1975), as we were convinced that regardless of the standard applied, there was sufficient evidence to convict. The

situation before us is the same, and we need not explore the issue further.

that section 924(c)(1) required more than mere possession:

> The legislative history makes clear that the key is whether the circumstances indicate "that the defendant intended to use the gun if a contingency arose or to make his escape." This court has held that the intent to use a weapon or weapons in connection with a drug trafficking offense may be inferred by their "presence and availability in light of the evident need."

*Id.* at 753 (citations omitted).

The court concluded that the totality of the circumstances provided a sufficient basis for an inference of Lyman's intent to use the gun. *Id.* at 754. The foundation for concluding sufficiency of the evidence in *Lyman* consists of precisely those elements contained in the instruction set out above.

■ The Sixth Circuit in *United States v. Brown,* 915 F.2d 219 (6th Cir.1990), analyzed section 924(c)(1) in great detail and determined that it is not a specific intent offense. *Id.* at 227. In *Brown* the issue was the sufficiency of the evidence and Brown had argued that the "used in relation to a drug crime" language required proof that he carried the gun with the specific intent of using it in relation to the underlying charge. *Id.* at 224. This is precisely what Swedzinski claims should have been in the jury instructions. The reasoning in *Brown* persuades us that section 924(c)(1) is not a specific intent offense, and this is an additional reason for rejecting Swedzinski's argument.

Swedzinski also argues that there was insufficient evidence to convict him of the drug offenses, and that the district court erred in refusing both to sever the gun charge from the case and to suppress evidence obtained in the search of Swedzinski's house. We have considered these arguments and conclude that they are without merit.

We affirm the convictions of both Swedzinski and Coyle.