9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Frank Christian NICHOLS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2067.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 10, 1993.
Filed: November 19, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank Christian Nichols appeals the district court's[1] denial of his motion to vacate his sentence under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Nichols pleaded guilty to one count of distributing marijuana, in violation of 21 U.S.C. Sec. 841(a)(1), and one count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Nichols to 20 months imprisonment on the distribution count and 60 months imprisonment on the firearm count; the two sentences were to run consecutively. Nichols did not file a direct appeal.
 
 
 3
 Later, Nichols filed this section 2255 motion, arguing that the district court lacked jurisdiction to sentence him on the firearm count because there was no evidence that the guns found in his house were used "in support of drug trafficking" and the Arkansas Constitution guarantees him the right "to keep and bear arms for [his] defense." Nichols contended that the guns, seized by local authorities pursuant to an Arkansas search warrant, were seized in violation of his state constitutional rights and therefore, the federal government could not use the "tainted" evidence. Nichols also argued that he was denied effective assistance of counsel because counsel failed to raise this issue and move to suppress the "tainted" evidence before Nichols pleaded guilty. Nichols stated that he would not have pleaded guilty if he had known of this available defense. The government filed an answer and Nichols moved for an evidentiary hearing.
 
 
 4
 The district court found that all of Nichols's non-jurisdictional claims were waived because Nichols pleaded guilty; that "there [was] no factual or legal reason to conclude that a motion to suppress would have been decided in [Nichols's] favor" and, therefore, counsel was not ineffective for failing to file a motion to suppress; and that there was ample evidence to support the conclusion that the loaded weapons found in the bedroom were used in connection with the drug trafficking. Thus, the district court denied Nichols's section 2255 motion.
 
 
 5
 Nichols now argues that the district court erred by failing to hold an evidentiary hearing, and that he was not given an opportunity to reply to the government's answer. Nichols also appears to be challenging the correctness of the district court's decision on the merits.
 
 
 6
 We conclude that the district court did not err by failing to hold an evidentiary hearing because the court was not required to hold an evidentiary hearing when all of the information that the court needed to make its decision was included in the record. See Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993). We also conclude that the district court did not err by ruling on Nichols's section 2255 motion without giving him an opportunity to respond to the government's answer. See Advisory Committee Note to Rule 5 Governing Section 2255 Proceedings ("Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer, except under special circumstances.").
 
 
 7
 At the change of plea hearing, the government charged that "Nichols, during and in relation to the crime of drug trafficking, ... did knowingly and intentionally use a firearm, to wit, one Tarsus, 357 caliber revolver ...; one Raven Arms semi-automatic 25 caliber revolver ...; one Dan Wesson, 357 Magnum revolver." Nichols stated that he understood the charges and voluntarily pleaded guilty. As a result, we find that Nichols waived his right to challenge the validity of his conviction for violating section 924(c) when he pleaded guilty. See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam).
 
 
 8
 Finally, we conclude that Nichols's claims of ineffective assistance of counsel are meritless. His argument that counsel was ineffective for failing to challenge the section 924(c) charge is meritless because all that the law requires is that the gun's " 'availability facilitate[ ] the carrying out of the drug-trafficking crime.' " United States v. Thomas, 964 F.2d 836, 838 (8th Cir.) (quoting United States v. Michaels, 911 F.2d 131, 132 (8th Cir. 1990), cert. denied, 498 U.S. 1094 (1991)), 113 S. Ct. 265 (1992). " 'It is sufficient to show that the defendant kept the firearm[ ] readily accessible to protect and facilitate the drug enterprise.' " Id. (quoting United States v. Young-Bey, 893 F.2d 178, 181 (8th Cir. 1990)). Firearms found in houses containing drugs fall within the purview of section 924(c) because the firearms are available to protect and intimidate. See United States v. Duke, 940 F.2d 1113, 1118-19 (8th Cir. 1991) (citing United States v. Matra, 841 F.2d 837, 842 (8th Cir. 1988)).
 
 
 9
 Nichols's argument that counsel was ineffective for failing to file a motion to suppress on the basis that the firearms were unlawfully seized because of his right to keep and bear arms under the Arkansas Constitution is equally meritless. Nichols was a convicted felon. Under Arkansas law, he had no constitutional right to keep and bear arms. See Crafton v. State, 624 S.W.2d 440, 442-43 (Ark. 1981); Ark. Code Ann. Sec. 5-73-103 (Michie 1987 & Supp 1992). Counsel cannot be constitutionally ineffective for failing to file meritless motions or make meritless arguments. See, e.g., Thomas v. United States, 951 F.2d 902, 904-05 (8th Cir. 1991) (per curiam).
 
 
 10
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas