UNITED STATES of America, Appellee,

v.

Rafael J. FELICI, Appellant.

No. 95–1032.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1995.

Decided May 9, 1995.

R. Steven Brown, Springfield, MO, argued, for appellant.

Lawrence E. Miller, Asst. U.S. Atty., Jefferson City, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MURPHY, Circuit Judge, and DAVIS,* District Judge.

DIANA E. MURPHY, Circuit Judge.

Rafael J. Felici appeals from his conviction for drug trafficking and unlawful firearm possession. On appeal he argues that the district court[1] erred by failing to sever the felon in possession of a firearm charge, by refusing to give his theory of the defense instruction, by denying his motion for judgment of acquittal on the charge of using or carrying a firearm in relation to a drug trafficking offense, and by giving an inappropriate answer to a question from the jury. We affirm.

Felici was charged in an eight count indictment and convicted of seven counts. The first four counts charged him with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Count five charged possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Count six charged use of a firearm during and in relation to the drug trafficking offense alleged in count five, in violation of 18 U.S.C. § 924(c). Count seven charged that he was a felon in unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count eight, which was later dismissed, sought criminal forfeiture of his residence.

Law enforcement officials received information that Felici was involved in drug trafficking and arranged for undercover purchases of methamphetamine from him. A search warrant executed at his residence uncovered approximately ½ pound of methamphetamine, contained in numerous plastic bags located throughout the residence. Officers executing the search also found other indicia of drug trafficking, including false-bottomed containers, cutting agents, scales, and publications on manufacturing methamphetamine.

The search also uncovered fifteen firearms, four of which were loaded, in Felici's residence. A loaded Charter Arms .357 caliber blue steel pistol was found in a roll top desk approximately eight inches from an orange container holding methamphetamine packets. In addition, a loaded Mossburg .12 gauge pistol grip shotgun was found in Felici's basement bedroom under his mattress. In the basement, officers also found significant quantities of methamphetamine and approximately $22,000 in cash.

Felici first argues that the district court erred in denying his motion to sever count seven, charging possession of a firearm by a

---

* The Honorable Michael J. DAVIS, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

convicted felon, from the other counts in the indictment. He asserts that the joinder of the charges allowed the jury to hear otherwise inadmissible evidence of his prior convictions.

■ Federal Rule of Criminal Procedure 14 allows a district court to order severance of a charged offense if it appears that a defendant is prejudiced by its joinder with the other charged offenses. The decision of the district court will not be reversed absent a showing of abuse of discretion resulting in clear prejudice. *United States v. Mason,* 982 F.2d 325, 327 (8th Cir.1993); *United States v. Johnson,* 944 F.2d 396, 402 (8th Cir.), *cert. denied,* 502 U.S. 1008, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991).

■ There are a number of relevant factors to be considered on the issue of severance. Evidence about the firearms found at Felici's residence would have been admissible in a trial without count seven because they were also related to count six. Moreover, evidence related to the offense of being a felon in possession of a handgun may be admissible in a trial on drug offenses alone. *United States v. Jones,* 880 F.2d 55, 62 (8th Cir.1989). Even if the evidence of Felici's prior convictions would not have been admissible in a trial on counts one through six, any possible prejudice from its admission in this case was lessened by the method of proof used. The government simply read a stipulation that he had been convicted of two state felonies in 1970. Nothing was introduced regarding the nature of the prior offenses. We have previously found this practice to be proper. *United States v. Brown,* 33 F.3d 1002, 1005 (8th Cir.1994); *United States v. Williams,* 923 F.2d 76, 78 (8th Cir.), *cert. denied,* 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). We conclude that the district court did not abuse its discretion in denying Felici's motion to sever count seven.

■ Second, Felici asserts that the district court committed reversible error when it refused his theory of defense instruction as to count six, which charged that he used a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Felici submitted a proposed instruction which indicated the jury should find him not guilty if it found only "mere possession" by him of the firearms charged in count six. The essence of the requested instruction was given by the district court when it told the jury that count six required that it find that "defendant knowingly used or carried a firearm" and that "[t]he phrase 'used a firearm' means having a firearm available to aid in the commission of the crime of possession of methamphetamine with the intent to distribute."

While a defendant is entitled to a proper theory of defense instruction, *United States v. Jerde,* 841 F.2d 818, 820 (8th Cir.1988), a district court has broad discretion to formulate jury instructions. It does not abuse its discretion by rejecting a proposed theory of defense instruction if the instructions as a whole adequately and correctly cover the substance of the request. *United States v. Long,* 977 F.2d 1264, 1272 (8th Cir.1992). In this case, the court's instructions specifically required that the jury find more than mere possession for a conviction on count six and adequately stated the law. *See United States v. Thomas,* 964 F.2d 836 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 265, 121 L.Ed.2d 195 (1992). Defendant also had the opportunity to argue his theory of defense to the jury. The district court did not err by rejecting Felici's proposed instruction.

■ Third, Felici argues that the district court erred in denying his motion for judgment of acquittal based on the insufficiency of the evidence as to count six, which charged that he used firearms during and in relation to the drug trafficking offense of possession with intent to distribute methamphetamine. A conviction for such an offense may be sufficiently supported by proof that the weapon was present and available, in the event that it was needed, in the residence in which the drugs and cash were located. *United States v. Johnson,* 12 F.3d 827, 833 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1860, 128 L.Ed.2d 482 (1994); *United States v. Warren,* 16 F.3d 247, 252 (8th Cir. 1994); *United States v. Coyle,* 998 F.2d 548, 550–51 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 928, 127 L.Ed.2d 220 (1994). When evaluating an insufficiency of the evidence claim, we view the evidence, and draw

all reasonable inferences from it, in the light most favorable to the government. *Johnson,* 12 F.3d at 831. We will uphold a jury verdict unless no reasonable jury could have concluded beyond a reasonable doubt that the defendant was guilty of the charged offense. *Id.*

The government's evidence showed that a loaded .357 caliber pistol was found in Felici's office, less than a foot away from an orange container containing four bags of methamphetamine and that an informant who had purchased drugs from Felici in the office area on previous occasions had seen the same pistol there. It also showed that a 12 gauge rifle was found in Felici's basement where officers also found significant quantities of methamphetamine and approximately $22,-000 in cash, including some of the buy money police had used in undercover transactions. This evidence is sufficient for a reasonable jury to conclude that the pistol found in Felici's office area and the shotgun found under his mattress were there to protect his drugs and drug money. The district court did not err in denying the motion for judgment of acquittal as to count six.

Finally, Felici argues that the district court erred in the way it answered a question from the jury during deliberations. While deliberating, the jury sent this question to the court:

> To Count Seven, does a felon, after being convicted, ever have the right to possess firearms again?

Over objection of defense counsel, the district court answered the question "No." Felici argues that this answer was incorrect because a statutory procedure exists for a felon to apply to the Secretary of the Treasury for relief from the disability to possess a firearm. *See* 18 U.S.C. § 925(c).

■ A district court has broad discretion to respond to a jury request for supplemental instructions. It must insure that any supplemental instructions given are accurate, clear, neutral and non-prejudicial. *United States v. Behler,* 14 F.3d 1264, 1269 (8th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 419, 130 L.Ed.2d 335 (1994). The court should answer a question from the jury in a way that is helpful and clears away any difficulties.

*United States v. Neiss,* 684 F.2d 570, 572 (8th Cir.1982).

■ A "Yes" answer or an answer describing any available means of reinstatement of the right to possess firearms would have been misleading in this case and would have confused the jury. It is undisputed that the court's response was an accurate statement as to Felici, who had never applied for reinstatement. No evidence had been presented whether or not Felici had followed any procedure to regain his right to possess firearms. The district court properly exercised its discretion by answering the question in a manner helpful to the jury. Felici has not shown that he was prejudiced in any way by the answer.

After reviewing the record we conclude that there is no merit to the points raised on appeal. Accordingly, the conviction entered in district court is affirmed.