_____

No. 95-3900

_____

United States of America,        *
                                     *

        Appellee,          *

                                     *  Appeal from the United States

     v.                     *  District Court for the District

                                     *  of Minnesota.

James Chavers, Jr.,          *

                                     *     [TO BE UNPUBLISHED]

        Appellant.        *

_____

Submitted:  May 17, 1996

Filed:  May 30, 1996

_____

Before MAGILL, ROSS, and MURPHY, Circuit Judges.

_____

PER CURIAM.

James Chavers appeals his conviction on two counts of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (1994), contending that there was insufficient evidence that he constructively possessed the firearms.  We affirm.

**I.**

On October 10, 1992, Nett Lake police officer Ron Quetone stopped a speeding car owned and driven by Chavers.  During the course of a subsequent search of the car, officer Quetone found a deer rifle partially concealed in the hatchback area of the car.  The gun was owned by Lewis Drift, who was not present when the car was stopped.  Drift testified at trial that he had lent the gun to

Chris Day, who was then in the company of Chavers. However, special agent Debra Decker of the FBI testified at trial that Chavers identified the weapon as "one of my deer rifles" and that he had argued with her that it was permissible for him to have the weapon in the car.

On August 19, 1994, officer James Scott observed Chavers speeding. After Chavers and his passenger, Barry Day, abandoned the car, officer Scott quickly glanced into the car before serving the traffic ticket. Scott noticed a rifle on the front seat of the car, which he confiscated. As he did so, Chavers asked officer Scott why Scott was taking "his" gun. Chavers told Scott that he and Day had been out deer hunting that afternoon, although Day testified at trial that only he, and not Chavers, had actually handled the gun.

Chavers, previously convicted of assault on a federal officer and aiding and abetting a second degree burglary, was indicted on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 13, 1995, a jury convicted Chavers on both counts. The district court[1] imposed a sentence of 72 months imprisonment, three years of supervised release, and a $100 special assessment. Chavers appeals, contending that there was insufficient evidence that he possessed the firearms in Counts I and II.

## II.

When evaluating an insufficiency of the evidence claim, "we view the evidence, and draw all reasonable inferences from it, in the light most favorable to the government." United States v. Felici, 54 F.3d 504, 506-07 (8th Cir.), cert. denied, 116 S. Ct.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

251 (1995).  We will uphold a jury verdict "unless no reasonable jury could have concluded beyond a reasonable doubt that the defendant was guilty of the charged offense."  Id. at 507.

A conviction for violating § 922(g)(1) may be based on constructive possession of a firearm.  See United States v. Boykin, 986 F.2d 270, 274 (8th Cir.), cert. denied, 114 S. Ct. 241 (1993).  Constructive possession of a firearm is established if the defendant "has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself."  Id.; see also United States v. Eldridge, 984 F.2d 943, 946 (8th Cir. 1993) (same).

In this case, there is sufficient evidence of constructive possession to support the § 922(g)(1) convictions.  First, the jury heard testimony that, in both instances, Chavers claimed that the firearm was his.  Even if Chavers did not actually own the rifles, a jury could properly infer that, by these statements, Chavers was indicating that he had control over the firearms.  Further, the rifles were located in cars driven or owned by Chavers.  Based on this, a jury could conclude that Chavers constructively possessed the firearms.  See Eldridge, 984 F.2d at 946 (defendant found to constructively possess firearm when he knew that firearm was in trunk of car and he had control of the keys to that car).

## III.

Because there is sufficient evidence for a reasonable jury to conclude that Chavers constructively possessed the firearms, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.