_____

No. 96-1260
_____

Frank Christian Nichols,           *
                                   *
          Appellant,               *   Appeal from the United States
                                   *   District Court for the Eastern
     v.                            *   District of Arkansas.
                                   *
United States of America,          *          [UNPUBLISHED]
                                   *
          Appellee.                *
_____

          Submitted:  August 23, 1996

             Filed:  August 30, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Frank Christian Nichols pleaded guilty to drug and firearm charges,
and was sentenced to 80 months imprisonment.  He did not appeal.  Nichols
then filed a 28 U.S.C. § 2255 motion, asserting that there was not a
sufficient factual basis for the gun charge and that he was denied
effective assistance of counsel.  Relief was denied, and we affirmed.
Nichols v. United States, No. 93-2067, 1993 WL 474108 (8th Cir. Nov. 19,
1993) (unpublished per curiam). In May 1995, Nichols filed the instant
section 2255 motion, asserting only that his criminal convictions and
sentence violated the Double Jeopardy Clause's prohibition against multiple
punishments for the same offense, because approximately $22,000, a truck,
and a boat seized from him at the time of his arrest had been

forfeited to the government. The district court[1] denied this motion on the merits, and Nichols appeals.

Although Nichols may have procedurally defaulted the double jeopardy issue, and his second section 2255 motion may constitute an abuse of the writ, we address the merits because the district court did so. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam). We conclude that Nichols's double jeopardy claim is foreclosed for the reasons set forth in United States v. Ursery, 115 S. Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881(a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause), and United States v. One 1970 36.9' Columbia Sailing Boat, No. 95-3158, 1996 WL 403038, at *3-4 (8th Cir. July 19, 1996) (holding Ursery applies to forfeitures under § 881(a)(4)).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Elsijane Trimble Roy, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

-2-