97 F.3d 1457
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Frank Christian NICHOLS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-1260.
 United States Court of Appeals, Eighth Circuit.
 Aug. 30, 1996.
Submitted Aug. 23, 1996.
Decided Aug. 30, 1996.
 
 Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank Christian Nichols pleaded guilty to drug and firearm charges, and was sentenced to 80 months imprisonment. He did not appeal. Nichols then filed a 28 U.S.C. § 2255 motion, asserting that there was not a sufficient factual basis for the gun charge and that he was denied effective assistance of counsel. Relief was denied, and we affirmed. Nichols v. United States, No. 93-2067, 1993 WL 474108 (unpublished per curiam). In May 1995, Nichols filed the instant section 2255 motion, asserting only that his criminal convictions and sentence violated the Double Jeopardy Clause's prohibition against multiple punishments for the same offense, because approximately $22,000, a truck, and a boat seized from him at the time of his arrest had been forfeited to the government. The district court[1] denied this motion on the merits, and Nichols appeals.
 
 
 2
 Although Nichols may have procedurally defaulted the double jeopardy issue, and his second section 2255 motion may constitute an abuse of the writ, we address the merits because the district court did so. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir.1994) (per curiam). We conclude that Nichols's double jeopardy claim is foreclosed for the reasons set forth in United States v. Ursery, 115 S.Ct. 2135, 2148-49 (1996) (holding civil forfeitures under 21 U.S.C. § 881(a)(6) and (7) are neither "punishment" nor criminal for purposes of Double Jeopardy Clause), and United States v. One 1970 36.9' Columbia Sailing Boat, No. 95-3158, 1996 WL 403038, at * 3-4 (8th Cir. July 19, 1996) (holding Ursery applies to forfeitures under § 881(a)(4)).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas