# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2517

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Chris Anthony Sayers, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2002

Filed: February 20, 2002

_____

Before McMILLIAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Chris Anthony Sayers was the passenger in a speeding, stolen Jeep when it approached a police car sitting on the side of the road near Rogers, Minnesota. The driver of the stolen Jeep slowed down, pulled over, and attempted to distract the police officer by asking for unneeded directions. The officer tried to discuss the driver's speeding, but the Jeep's engine died and the driver fled on foot. Sayers remained in the front passenger seat and was placed under arrest after the officer noticed the Jeep's broken window and tampered steering column, as well as two rifles, four shotguns, and a case of beer in the Jeep's back seat. The guns, beer, and other small items were stolen from a nearby house, and the guns had been transported

in interstate commerce. Sayers was convicted of two weapons violations, 18 U.S.C. §§ 922(g)(1), 924(e) (felon in possession of firearms) and 18 U.S.C. § 922(j) (possession of stolen firearms), and sentenced to 235 months in prison. Sayers appeals his conviction and sentence, raising four issues.

First, Sayers argues the district court[*] abused its discretion when it admitted one of Sayers's four burglary convictions despite Sayers's earlier stipulation that he was a convicted felon. See United States v. Franklin, 250 F.3d 653, 658 (8th Cir), cert. denied, 122 S. Ct. 495 (2001) (standard of review). This conviction was admitted under Federal Rule of Evidence 404(b) because Sayers made his state of mind an issue at trial. Specifically, Sayers contested the 18 U.S.C. § 922(g)(1) charge, claiming he had been drinking and smoking marijuana earlier that evening and was not aware of the guns in the back seat of the stolen Jeep. Sayers also contested the 18 U.S.C. § 922(j) charge, claiming he did not know or have reasonable cause to know the guns were stolen.

Having stipulated he was a convicted felon, Sayers argues the admission of his earlier conviction was barred by Old Chief v. United States, 519 U.S. 172 (1997). Contrary to Sayers's view, because the conviction was properly admitted under Rule 404(b) to show Sayers's knowledge that the property in the Jeep was stolen, the conviction is not barred by Old Chief. See United States v. Hill, 249 F.3d 707, 712-13 (8th Cir. 2001). Further, having considered the limiting instruction given by the district court, we also conclude the probative nature of this evidence is not substantially outweighed by its prejudicial nature. See id. at 713. Thus, the district court did not abuse its discretion when admitting Sayers's conviction.

---

[*]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Second, Sayers argues the district court abused its discretion by referring the jury to the original instruction on reasonable doubt after the jury asked how much "conjecture" based on their own "common sense" was appropriate when "fill[ing] in the gaps in th[e] case." See United States v. Felici, 54 F.3d 504, 506 (8th Cir. 1995) (standard of review). Although the district court "should answer a question from the jury in a way that is helpful and clears away difficulties," id. at 507, it "does not abuse its discretion by rejecting a proposed . . . instruction if the instructions as a whole adequately and correctly cover the substance of the request," id. at 506. Here, the district court's instruction on reasonable doubt was patterned on the circuit model jury instruction, which amply answers the jury's questions about conjecture. See, e.g., United States v. Rosso, 179 F.3d 1102, 1104-05 (8th Cir. 1999) (upholding this model jury instruction as constitutional). The district court did not abuse its discretion when it refused to submit a separate instruction explaining the relationship between "conjecture" and "reasonable doubt."

Third, Sayers argues the district court should have granted his request for a downward sentencing departure because of Sayers's upbringing on an Indian reservation and his personal background. Because the district court recognized its authority to grant a downward departure and exercised its discretion not to do so, its decision is not reviewable. United States v. Mora-Higuera, 269 F.3d 905, 913 (8th Cir. 2001).

Finally, Sayers contends the district court committed clear error when it denied Sayers's request for a sentencing reduction based on acceptance of responsibility. See United States v. Martinez, 234 F.3d 1047, 1048 (8th Cir. 2000) (per curiam) (standard of review). The district court explained its findings during the sentencing hearing: "[Sayers's view is,] I had no knowledge of the guns in that vehicle, I never saw them. And that in the Court's view was the crucial issue in this case. And it's

on that basis that I deny the request." Acceptance of responsibility is a factual issue and we cannot say the district court's findings are clearly erroneous.

We thus affirm Sayers's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.